**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | **CASE NO. 4:23-cr-218** |
| **vs.** § | |
| § | |
| **(1) HARDIK JAYANTILAL PATEL,** § | |
|    **aka Erik aka Mitesh aka Nick aka Dev, and** § | |
| § | |
| **(2) DHIRENKUMAR VISHNUBHAI PATEL,** § | |
| § | |
| **Defendants.** § | |

**UNOPPOSED MOTION TO DISCLOSE**
**DISCOVERABLE MATERIALS PURSUANT TO A PROTECTIVE ORDER**

The United States of America respectfully moves that the Court, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, permit the disclosure of discoverable information pursuant to a protective order restricting further disclosure.

On May 17, 2023, a grand jury indicted Defendants Hardik Jayantilal Patel and Dhirenkumar Vishnubhai Patel for conspiracy to commit mail fraud and wire fraud, multiple counts of mail fraud, and conspiracy to commit money laundering based on their alleged involvement in a Fraud Ring in which co-conspirators often impersonated the United States government in order to dupe victims into providing funds to the Fraud Ring. The Indictment alleges that these funds were provided in the form of cash mailed in parcels via mail carrier, and that hundreds of victims suffered millions of dollars in losses at the hands of the Fraud Ring. (Docket Entry No. 1.)

Pursuant to its discovery obligations in this case, the United States wishes to disclose in discovery certain materials that implicate third-party privacy information and law enforcement sensitive information. For example, discovery materials in this case include information regarding hundreds of victims, including their names, ages, telephone numbers, home addresses, and in some

cases bank account information.  Furthermore, there are particular sensitivities associated with the disclosure of investigative methods, names, and contact information of witnesses.  The material cannot be redacted adequately because it has evidentiary value in this case and because some material is electronic in origin and will be produced in native format.  The proposed protective order limits further disclosure of the discovery to be produced in this case, thereby allowing the government to meet its discovery obligations while also respecting the privacy rights of third parties and protecting law enforcement sensitive information.

As stated in the below Certificate of Conference, counsel for Defendants Hardik Jayantilal Patel and Dhirenkumar Vishnubhai Patel have no objection to this proposed protective order.

WHEREFORE, the United States respectfully requests this Court permit disclosure consistent with the above requests.

Respectfully Submitted,

ALAMDAR S. HAMDANI
United States Attorney
Southern District of Texas

By:     /s/ Stephanie Bauman
Stephanie Bauman
Assistant United States Attorney
SDTX Federal No. 705181
Texas State Bar No. 24055344
1000 Louisiana, Suite 2300
Houston, Texas 77002
Telephone (713) 567-9419

## CERTIFICATE OF CONFERENCE

I certify that undersigned counsel for the United States spoke to the following counsel, who have stated that they have no objection to this motion: Steven Block, counsel for Hardik Jayantilal Patel (pro hac vice motion pending), and Sara Richey, counsel for Dhirenkumar Vishnubhai Patel.

 */s/ Stephanie Bauman*
Stephanie Bauman
Assistant United States Attorney

## CERTIFICATE OF SERVICE

A true and correct copy of this document was served on all counsel via electronic court filing and by e-mail on August 30, 2023.

 */s/ Stephanie Bauman*
Stephanie Bauman
Assistant United States Attorney