UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § CASE NO. 4:23-cr-218 |
| v. | § |
| | § |
| (1) HARDIK JAYANTILAL PATEL, | § |
|    aka Erik aka Mitesh aka Nick aka Dev, and | § |
| | § |
| (2) DHIRENKUMAR VISHNUBHAI PATEL, | § |
|    Defendants. | § |

### UNITED STATES'S NOTICE OF RELATED CASE, MOTION TO TRANSFER, AND MOTION TO EXPEDITE

The United States files this notice of related case and respectfully moves the Court to transfer the above case to the docket of U.S. District Court Judge Andrew S. Hanen, who has been presiding over the related case for the past year.

### INTRODUCTION AND NOTICE OF RELATED CASE

The above case, Case No. 4:23-cr-218, *United States v. Hardik J. Patel et al.* (the "*Patel* Case") was indicted on May 17, 2023, and named two defendants: Hardik J. Patel and Dhirenkumar Patel. Hardik J. Patel and Dhirenkumar Patel are both charged with conspiracy to commit mail fraud and conspiracy to commit money laundering. Additionally, Hardik J. Patel is charged with several counts of mail fraud. The Government alleges that Defendants in the *Patel* Case were involved in a Fraud Ring in which co-conspirators often impersonated the United States government in order to dupe victims into providing funds to the Fraud Ring. The Indictment alleges that these funds were provided in the form of cash mailed in parcels via mail carrier, and that hundreds of victims suffered millions of dollars in losses at the hands of the Fraud Ring. (Docket Entry No. 1.)

1

With this filing, the United States notifies the Court that the *Patel* case is related to an older, pending case in front of U.S. District Judge Andrew S. Hanen: Case No. 4:22-cr-440, *United States v. Sohil Vahora et al.* (the "*Vahora* Case"). The *Vahora* Case was indicted on September 7, 2022, and named three defendants: Sohil Vahora, Zaheen Malvi, and Amirsinh Diwan. The Indictment in the *Vahora* Case is attached as Exhibit A for ease of reference.

## ASSOCIATION BETWEEN THE RELATED CASES

There is substantial overlap between the *Vahora* Case and the *Patel* Case. Both cases involve domestic mail fraud and money laundering conspiracies. The fraud originated from Indian call centers that targeted victims residing in the United States, often by falsely representing that the caller was employed by an American government agency and threatening the victim with negative government action if the victim did not send money in the form that the caller demanded. Defendants in both cases aided and abetted these India-based telefraud schemes by taking possession of cash that had been mailed by victims as instructed over the phone, and subsequently laundered those fraud proceeds through means devised to transmit the funds to India.

The *Vahora* Case involves a longer conspiracy period than the *Patel* Case. The conspiracy period in the *Patel* Case—March 2019 through November 2019—is completely subsumed within the January 2017 through August 2020 conspiracy period of the *Vahora* Case. Additionally, Defendants in the *Vahora* Case not only conspired to aid and abet the telefraud schemes by taking possession of cash that had been mailed by victims, they also liquidated funds from gift cards that had been purchased by victims.

Despite these variations, the two cases are related in the nature of the criminal conduct involved. They also have significant overlap in terms of specific criminal acts, victims, witnesses, and evidence. The lead defendant in the *Vahora* Case (Sohil Vahora) and the lead defendant in the

2

*Patel* Case (Hardik J. Patel) are alleged to have been handlers or managers in the scheme; they directed the activities of runners who received victim packages, took out the cash inside, and disposed of the cash as instructed. Further, the government alleges that Sohil Vahora and Hardik J. Patel worked together in 2019 to co-manage a runner who lived in and operated primarily in Houston, within the Southern District of Texas. This individual is referred to as Unindicted Co-Conspirator #1 (UC #1) in the *Vahora* Indictment and as Unindicted Co-Conspirator (Runner W.M.) in the *Patel* Indictment. Because both Sohil Vahora and Hardik J. Patel aided and abetted UC #1/Runner W.M.'s activities, three packages picked up by UC #1/Runner W.M. are charged as substantive mail fraud counts in both the *Vahora* Case and the *Patel* Case.[1]

UC #1/Runner W.M. was prolific. Between May 2019 and October 2019, more than 160 packages were mailed by victims to UC #1/Runner W.M.'s aliases at addresses in the greater Houston area. Several more packages were mailed to his aliases at addresses in north Texas and in New Jersey. The government alleges that UC #1/Runner W.M.—while picking up victim packages for Sohil Vahora and Hardik J. Patel—was responsible for receiving and laundering more than **$1.4 million** in victim cash. This estimation is based solely on the victim packages mailed to UC #1/Runner W.M. whose content is known; more than half of the victim packages' contents are unknown.

---

[1] *Vahora* Count 2 and *Patel* Count 3 involve a package mailed by Victim G.S. and picked up by Runner W.M. on August 9, 2019, in Houston, Texas.

*Vahora* Count 3 and *Patel* Count 5 involve a package mailed by Victim R.E. and picked up by Runner W.M. on September 17, 2019, in Houston, Texas.

*Vahora* Count 4 and *Patel* Count 6 involve a package mailed by Victim R.E. and picked up by Runner W.M. on September 19, 2019, in Missouri City, Texas.

## STATUS OF RELATED CASES

The *Vahora* Case was indicted on September 7, 2022. All three defendants were arrested in other districts and first appeared in this district on various dates in October 2022. The status of their respective cases are as follows:

- **Sohil VAHORA:** As noted above, Mr. Vahora is alleged to have been a handler or manager of runners. He is the only defendant in the *Vahora* Case who remains on a trial docket. His current trial setting is October 30, 2023.

- **Zaheen MALVI:** Mr. Malvi began as a runner who worked for Mr. Vahora and later in the conspiracy period co-managed a runner with Mr. Vahora. On May 15, 2023, Mr. Malvi entered a guilty plea to Count One of the Indictment, Conspiracy to Commit Mail Fraud and Wire Fraud in violation of 18 U.S.C. § 1349. He is pending sentencing, currently scheduled for December 11, 2023.

- **Amirsinh DIWAN:** Mr. Diwan is alleged to have been a runner who worked for Mr. Vahora. Mr. Diwan is scheduled for re-arraignment on October 10, 2023.

The *Patel* Case was indicted on May 17, 2023, and named as defendants Hardik J. Patel and Dhirenkumar Patel. Hardik J. Patel is alleged to have been a handler or manager of runners in the scheme. Dhirenkumar Patel is alleged to have worked for Hardik J. Patel as a runner.

The government could have superseded the *Vahora* Indictment to add the *Patel* defendants, as Rule 8(b) of the Criminal Rules would have permitted the joinder. The United States instead separately indicted the *Patel* Case, in part due to concerns about continued connections among the *Vahora* and *Patel* Defendants and the risk that one or both of the *Patel* Defendants would receive word of the superseding indictment and flee prosecution. The United States considered both defendants in the *Patel* Case to pose a flight risk.

The *Patel* Defendants were arrested in the Eastern District of Kentucky on August 7, 2023, and first appeared in this district two weeks later. Upon the unsealing of the *Patel* Case, the United States notified defendants in both the *Patel* Case and the *Vahora* Case of the association between

the cases. The United States has provided the same discovery in both cases: more than 1 terabyte of discovery material to date.

At this time, only two motions are pending before this Court in the *Patel* Case, both unopposed: a motion filed by the government for entry of a Protective Order governing discovery (Docket Entry No. 24) and a motion to continue all dates filed by both defendants (Docket Entry No. 25).

## MOTION TO TRANSFER *PATEL* CASE

The United States believes that the *Vahora* Case and the *Patel* Case should proceed before the same district court judge. The United States is not moving to join the cases for trial pursuant to Rule 13. Even in the absence of being joined for trial, judicial economy is served by the cases proceeding before the same district court judge for purposes of pretrial motions, trial, and sentencing.

No rule of criminal procedure specifically governs the transfer of a case for purpose of coordination with a related case. The United States submits, however, that the rule for joinder of related cases for purposes of trial is instructive. Rule 13 of the Criminal Rules provides that separately indicted cases may be joined for trial in the discretion of the district court. Rule 13, like Rule 8(b), "balance[s] considerations of judicial economy against the possibility of prejudice." *United States v. Arzate*, 47 F.3d 423, at *2 (5th Cir. 1995).

The consideration of judicial economy applies with full force in this context. Leaving these two closely related cases pending before two different courts invites inefficiency, duplicated efforts, and wasted judicial resources. Two courts have to learn the facts of the case, field motions and objections that apply equally in both cases, and issue rulings. These rulings could be rendered on very different time tables and could conflict in substance.

Moreover, the only request made by the United States is to transfer the *Patel* Case to Judge Hanen. This motion does not seek joinder of the *Patel* Case with the *Vahora* Case for purposes of trial. And there are no contested motions pending in the *Patel* Case which could be disrupted by the proposed transfer. Therefore, no prejudice will result to the defendants in the *Patel* Case.

## MOTION TO EXPEDITE

The United States recently learned UC #1/Runner W.M. is scheduled to be released from the custody of the Bureau of Prisons on October 28, 2023. The release date may be earlier if UC #2/Runner W.M. receives additional "good time" credit for his behavior in custody.

UC #1/Runner W.M. has no status in the United States. His wife and children reside in India. When he was arrested for his role in the above conspiracies in November 2019, he had an outbound flight booked from Houston to India. As noted above, UC #1/Runner W.M. is a material witness in both the *Vahora* Case and the *Patel* Case.

The United States respectfully requests that the Court expedite consideration of this motion to transfer the *Patel* Case, so that the Government can address any necessary pretrial motion(s) regarding UC #1/Runner W.M. to the correct court, whether this Court or Judge Hanen.

## RELIEF REQUESTED

The United States respectfully requests that the Court grant the pending unopposed motion for entry of a protective order (Docket Entry No. 24); grant the pending unopposed motion to continue all dates (Docket Entry No. 25); and expedite and grant this motion to transfer the instant case to the docket of U.S. District Court Judge Andrew S. Hanen. A proposed order is submitted for the Court's consideration.

        Respectfully Submitted,

        ALAMDAR S. HAMDANI
        United States Attorney
        Southern District of Texas

By: */s/ Stephanie Bauman*
    Stephanie Bauman
    Assistant United States Attorney
    SDTX Federal No. 705181
    Texas State Bar No. 24055344
    1000 Louisiana, Suite 2300
    Houston, Texas 77002
    Telephone (713) 567-9419

## CERTIFICATE OF CONFERENCE

On September 26, 2023, Steven Block on behalf of Defendant Hardik J. Patel and Sara Richey on behalf of Defendant Dhirenkumar Patel stated that they oppose the transfer of this case.

On September 27, 2023, the undersigned emailed Rhonda Hawkins, case manager for U.S. District Judge Andrew S. Hanen, to communicate that the government intended to seek transfer of this case due to the related case pending before Judge Hanen.

        */s/ Stephanie Bauman*
        Stephanie Bauman
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been delivered on counsel of record via ECF upon filing.

        */s/ Stephanie Bauman*
        Stephanie Bauman
        Assistant United States Attorney